IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN CRUMP, Y20690, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) Case No. 23-CV-1922-DWD |
| JOHN DOE 1 (Menard Warden), JOHN DOE 2 (Menard parole processor), JOHN DOE 3 (Markham parole officer), MENARD CORRECTIONAL, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Steven Crump, a former inmate[1] of the Illinois Department of Corrections (IDOC), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 17). Plaintiff alleges that he was held at least 30 days beyond the expiration of his Mandatory Supervised Release (MSR). He alleges that the Defendants were responsible for this extended period of detention, and he seeks monetary compensation for each day he spent detained beyond his MSR.

Plaintiff's Amended Complaint (Doc. 17) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-

---

[1] Plaintiff was detained for an alleged parole violation at the time he filed this lawsuit on June 1, 2023, but he now avers in his amended complaint that he was released on June 15, 2023. His current mailing address is that of a County Sheriff's Department in Kansas, which suggests he may be detained again.

(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Amended Complaint

Plaintiff alleges that on April 20, 2023, he surrendered himself on a warrant and was sent to Menard. (Doc. 17 at 4). He alleges the warrant was issued by a Markham Parole Officer who knew that he had written and verbal authorization from a prior agent to visit his sick mother in Kansas but violated him regardless of this explicit permission. (Doc. 17 at 4-5). Plaintiff further alleges he does not know the exact Markham parole agent who violated him, "but the entire Markham Office is liable for blatant corruption." (Doc. 17 at 5). He theorizes that the Markham Office's agents and superiors changed his assigned parole agents four or five times before they found an officer willing to wrongfully violate him without cause or authority. (Doc. 17 at 5).

Plaintiff further alleges that once he arrived at Menard, staff did not enter his information into the system, and they did not inform the parole board of his location. As a result, he missed two parole hearings. (Doc. 17 at 4). Eventually he was sent to Vienna Correctional Center where administrators knew nothing about him or his reason for being sent there. He was informed by case managers at Vienna that Menard had messed up his paperwork.

Plaintiff was eventually seen by the parole board; at which time he was informed that he should not have been violated or arrested. (Doc. 17 at 4-5). He avers that he completed 3 years and 10 months of parole out of a 4-year term, and he had satisfied all stipulations of his parole. The parole board told him that he could no longer be reinstated on parole because his term of parole was over. They approved the parole violation and assessed his situation as 'time served.' As soon as the Vienna administration processed the paperwork, he was released on June 15, 2023, 30 days after his MSR date.

Plaintiff alleges that the Warden of Menard (John Doe 1) is liable because he is responsible for oversight of the whole facility. (Doc. 17 at 1). The Head of Administration/Parole processing (John Doe 2) is liable because he did not properly oversee the processing of his paperwork, which led to him serving 30 days beyond his MSR. (Doc. 17 at 2). The Markham Parole Officer Captain or Parole Officer (John Doe 3) who wrongfully violated him is liable for his role in the violation. (Doc. 17 at 2). Plaintiff seeks monetary compensation.

Based on the allegations in the Amended Complaint, the Court will designate the following claim:

> **Count 1:**   **Eighth Amendment deliberate indifference or Fourteenth Amendment substantive due process claim against John Does 1-3 for their roles in holding Plaintiff 30 days beyond his MSR date from May 15, 2023, to June 15, 2023.**

The parties and the Court will use this designation in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without

prejudice as inadequately pled under Twombly. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## Analysis

The general responsibility to oversee the operations of a correctional facility or to supervise its staff are not sufficient to create liability under § 1983. Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009). "Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of the persons they supervise." Id. at 593-94 (internal citation omitted). Here, Plaintiff has alleged that John Doe 1, the Warden of Menard, is responsible for him being held 30 days beyond his MSR, but he has not described the Warden's personal involvement in this issue. For example, he does not allege he informed the Warden of this issue, but the Warden declined to act, or that the Warden had a direct role in parole processing but failed to carry it out. The general duty to oversee the prison is not a sufficient basis for a § 1983 claim, so John Doe 1 is dismissed without prejudice.

By contrast, the Court will allow Plaintiff to proceed against John Doe 2, the alleged head processor of parole paperwork at Menard for his or her failure to properly input and process Plaintiff's parole paperwork. Plaintiff claims that his paperwork was not properly input at Menard, such that when he was transferred to Vienna they did not know why he was there. He further learned from the parole board that there was no original basis to violate or detain him. Because he alleges that these problems began with

John Doe 2, he will be allowed to proceed on this claim. It is clear that an inmate can proceed under the Eighth Amendment for being detained longer than he should be by the deliberate indifference of an official, *Childress v. Walker*, 787 F.3d 433, 439 (7th Cir. 2015), and such a claim might also sound under substantive due process, *Courtney v. Butler*, 756 Fed. App'x 626, 627 (7th Cir. 2019). While the Warden of Menard was dismissed in his personal capacity, the Warden of Menard will be added to this lawsuit in his official capacity for the sole purpose of helping Plaintiff to identify John Doe 2.

To this end, **within 30 days of this Order, Plaintiff should file a Notice with the Court that provides any identifying information he has about John Doe 2**, such as if he received documents signed by this person, if he ever spoke with them or attempted to contact them, or if they were identified in any grievance documentation. The Warden of Menard will then be required to respond to this Notice with any information that he or she possesses that might help to identify John Doe 2.

As for John Doe 3, Plaintiff alleges that this individual is a Markham Parole Agent or Captain. It is not entirely clear the way he describes this defendant in the first pages of his complaint if he is trying to name a single identifiable person, or if he is referring to multiple people such as a supervising agent and an individual caseworker. Plaintiff also alleges, he does not know who this agent was, but the whole Markham Office should be liable for corruption. The ambiguities about John Doe 3, along with the blanket allegation of corruption are insufficient to proceed against John Doe 3 or the Markham Office, because it does not appear there is sufficient information for the Court to direct limited discovery to learn the identity of this individual as the Court has done for John Doe 2.

To the extent that Plaintiff seeks to sue the Markham Office, which the Court assumes might be a local government agency, "[p]laintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." *Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011). The Markham Office may be liable only if it had a policy or custom which was the moving force behind the deprivation of rights. *Teesdale v. City of Chicago*, 690 F.3d 829, 833-34 (7th Cir. 2012) (a party seeking to recover from a municipal entity must show the existence of a policy or custom that is not only the cause but is the moving force behind a constitutional violation). Plaintiff's allegations are insufficient to highlight a constitutionally infirm custom, policy, or practice held by the Markham Office, so his allegations against John Doe 3 or this entity are insufficient as pled.

For the reasons set forth above, Plaintiff may proceed against John Doe 2, and the Warden of Menard will be added to this lawsuit in his or her official capacity to help identify this individual. By contrast, John Does 1 and 3 are dismissed for the reasons stated above. Plaintiff has also named Menard Correctional in the case caption, but the prison itself is not a suable entity, so this Defendant is dismissed without prejudice.

## Motions

On June 14, 2023, Plaintiff's original Motion to Proceed In Forma Pauperis (IFP) (Doc. 3) was granted, and he was assessed an initial partial filing fee of $10.08. (Doc. 11). On October 16, 2023, Plaintiff filed a Second Motion to Proceed IFP (Doc. 18). This Motion will be **DENIED** as duplicative. However, because Plaintiff moved from the IDOC to a county jail in Kansas from the time of filing this suit until present, the Court suspects that

Plaintiff may not have received the Order that assessed his partial filing fee as $10.08. Accordingly, the Clerk of Court is **DIRECTED** to send Plaintiff a copy of the docket sheet so that he has the Order at Docket entry 11. Plaintiff shall have 60 days, to pay the initial partial fee of $10.08.

The Clerk of Court is also **DIRECTED** to send a copy of the Order for IFP at docket entry 11 and this Order to the Trust Fund Officer at the Johnson County Sheriff's Office/Olathe County Jail at 101 N. Kansas Ave., Olathe, KS 66061. The Trust Fund Officer is **DIRECTED** to set up partial payments as described in docket entry 11.

Plaintiff's two Motions for Status (Docs. 19, 20) are **GRANTED** by the issuance of this Order.

## Disposition

**IT IS HEREBY ORDERED THAT Claim 1** of the Complaint (Doc. 1) survives against Defendant John Doe 2, the Head Parole Processing individual at Menard. By contrast, all claims against all other defendants are dismissed without prejudice for failure to state a claim, and the Clerk of Court is **DIRECTED** to **TERMINATE** Defendants John Doe 1, John Doe 3, and Menard Correctional.

The Clerk of Court is **DIRECTED** to prepare for Defendant: Warden of Menard (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 17), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30

days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order. **However, for purposes of this initial order, the Warden of Menard is NOT required to file an answer to the complaint. The Warden need only have counsel appear on his behalf, and then the Warden (via counsel) must respond to Plaintiff's Notice about the identification of John Doe 2. These steps will be further guided once the Warden enters an appearance.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed in forma pauperis was granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change of address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. FED. R. CIV. P. 41(b).

Plaintiff's Second Motion for IFP (Doc. 18) is **DENIED** as duplicative. The Clerk of Court is **DIRECTED** to send Plaintiff a copy of the docket sheet so that he has the Order at Docket entry 11. **Plaintiff shall have 60 days, to pay the initial partial fee of $10.08.** He should provide the jail financial account personnel at the county jail where he is detained with the docket sheet that he is mailed in case he needs proof of the order to pay.

The Clerk of Court is also **DIRECTED** to send a copy of the Order for IFP at docket entry 11 and this Order to the Trust Fund Officer at the Johnson County Sheriff's Office/Olathe County Jail at 101 N. Kansas Ave., Olathe, KS 66061. The Trust Fund Officer is **DIRECTED** to set up partial payments as described in docket entry 11.

Plaintiff's two Motions for Status (Docs. 19, 20) are **GRANTED** by the issuance of this Order.

**IT IS SO ORDERED.**

Dated: December 6, 2023

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.