IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN CRUMP, Y20690, <br><br> Plaintiff, <br><br> vs. <br><br> JOHN DOE 2 (Menard parole processor), WARDEN OF MENARD, JANE DOES 1-4, JOHN DOE 5 (VIENNA RECORDS DEPT. OFFICER), WARDEN OF VIENNA, <br><br> Defendants. | Case No. 23-CV-1922-DWD |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Steven Crump, a former inmate[1] of the Illinois Department of Corrections (IDOC), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 17). Plaintiff alleges that he was held at least 30 days beyond the expiration of his Mandatory Supervised Release (MSR). He alleges that the Defendants were responsible for this extended period of detention, and he seeks monetary compensation for each day he spent detained beyond his MSR. Upon initial review of his Amended Complaint, the Court allowed Plaintiff to proceed against John Doe 2, an officer whom he alleged he interacted with upon intake at Menard, and whom

---

[1] Plaintiff was detained for an alleged parole violation at the time he filed this lawsuit on June 1, 2023, but he now avers in his amended complaint that he was released on June 15, 2023. His current mailing address is that of a County Sheriff's Department in Kansas, which suggests he may be detained again.

he alleged failed to remedy his sentence miscalculation. Plaintiff now seeks to further amend his complaint to add individuals at Vienna Correctional Center (Vienna) whom he alleges also failed to remedy his sentence issues. (Doc. 29).

Plaintiff's proposed amendment (Doc. 29) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Motion to Amend

Rather than file a comprehensive amended complaint, Plaintiff has filed a short two-page "motion" to amend wherein he describes the parties that he seeks to add as defendants. While the Court generally does not accept "piecemeal" amendments such as this motion, the involvement of the additional defendants was already described in the First Amended Complaint. (Doc. 17).

Plaintiff alleged in his First Amended Complaint that once he arrived at Menard, staff did not enter his information into the system, and they did not inform the parole board of his location. As a result, he missed two parole hearings. (Doc. 17 at 4). Eventually he was sent to Vienna Correctional Center where administrators knew

nothing about him or his reason for being sent there. He was informed by case managers at Vienna that Menard had messed up his paperwork.

Plaintiff was eventually seen by the parole board; at which time he was informed that he should not have been violated or arrested. (Doc. 17 at 4-5). He avers that he completed 3 years and 10 months of parole out of a 4-year term, and he had satisfied all stipulations of his parole. The parole board told him that he could no longer be reinstated on parole because his term of parole was over. They approved the parole violation and assessed his situation as 'time served.' As soon as the Vienna administration processed the paperwork, he was released on June 15, 2023, 30 days after his MSR date.

In the Motion to Amend (Doc. 29), Plaintiff now seeks to identify an official at Vienna who is the "man who runs the records dept. and calculates time served." (Doc. 29 at 2). He refers to this individual as John Doe 5 and he alleges that this individual acknowledged that his release date had been miscalculated when they met face-to-face, but this man did not act to correct the miscalculation and instead allowed him to remain confined at least 15 days beyond his release date of May 15, 2023. Plaintiff also seeks to add Jane Does 1-4. He alleges that these women made up the Parole Board Hearing Committee. He alleges that these individuals conspired to alter his time served records to "cover up" the time he was kept in custody beyond his mandatory release date of May 15, 2023. To help identify these five individuals, Plaintiff also asks to add the Warden of Vienna.

Based on the allegations in the Motion to Amend (Doc. 29), the Court will designate the following additional claim:

>   **Count 1:**   Eighth Amendment deliberate indifference or Fourteenth Amendment substantive due process claim against Jane Does 1-4, and John Doe 5 for their roles in holding Plaintiff 30 days beyond his MSR date from May 15, 2023, to June 15, 2023.

The parties and the Court will use this designation in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## Analysis

Plaintiff will be allowed to proceed on Claim 2 against Defendants Jane Doe 1-4 and John Doe 5. It is clear that an inmate can proceed under the Eighth Amendment for being detained longer than he should be by the deliberate indifference of an official, *Childress v. Walker*, 787 F.3d 433, 439 (7th Cir. 2015), and such a claim might also sound under substantive due process, *Courtney v. Butler*, 756 Fed. App'x 626, 627 (7th Cir. 2019). The Warden of Vienna will be added to this lawsuit in his or her official capacity for the sole purpose of helping Plaintiff to identify Jane Does 1-4 and John Doe 5.

To this end, **within 30 days of this Order, Plaintiff should file a Notice with the Court that provides any identifying information he has about Jane Does 1-4 and John Doe 5**, such as if he received documents signed by this person, if he ever spoke with them or attempted to contact them, or if they were identified in any grievance documentation. He should also provide a physical description of these individuals. The Warden of

Vienna will then be required to respond to this Notice with any information that he or she possesses that might help to identify Jane Does 1-4 or John Doe 5.

## Motions

Plaintiff has essentially filed two Motions for Counsel (Docs. 25, 28). In the first Motion (Doc. 25) he seeks referral to local pro bono attorneys. In the second Motion (Doc. 28), Plaintiff explicitly requests the appointment of counsel on the premise that he is incarcerated, knows very little about the applicable law, and is disadvantaged relative to the defendants. There is no right to the appointment of counsel in civil matters. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff does not indicate if he has attempted to retain counsel on his own behalf. At this juncture, Plaintiff has successfully prepared amended complaints, and he has followed the Court's instructions to provide identifying information about a John Doe. The Court finds that based on Plaintiff's diligent pursuit of this case, he is still capable of accomplishing this early stage of the litigation on his own. Accordingly, Plaintiff's Motions for Counsel (Docs. 25, 28) are **DENIED** without prejudice.

## Disposition

**IT IS HEREBY ORDERED THAT,** Plaintiff's Motion to Amend (Doc. 29) is **GRANTED,** and **Claim 2** of the Amended Complaint (Doc. 17) and Motion to Amend (Doc. 29) survives against Defendants Jane Doe 1-4 (parole board) and John Doe 5 (records office employee).

The Clerk of Court is **DIRECTED** to prepare for Defendant: Warden of Vienna (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 17) and the Motion to Amend (Doc. 29), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.  **However, for purposes of this initial order, the Warden of Vienna is NOT required to file an answer to the complaint.  The Warden need only have counsel appear on his or her behalf, and then the Warden (via counsel) must respond to Plaintiff's Notice about the identification of Jane Does 1-4 and John Doe 5.  These steps will be further guided once the Warden enters an appearance.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed in forma pauperis was granted.  See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than 14 days after a transfer or other change of address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute.  FED. R. CIV. P. 41(b).

Plaintiff's two Motions for Counsel (Docs. 25, 28) are **DENIED** without prejudice**.**

**IT IS SO ORDERED.**

Dated: January 11, 2024

                                                */s/ David W. Dugan*
                                                DAVID W. DUGAN

United States District Judge

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear. As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.