# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN CRUMP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 3:23-cv-01922-GCS |
| | ) |
| STATE OF ILLINOIS, ET AL., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Pending before the Court is Plaintiff's Consolidated Motion requesting various forms of relief ("Motion"). In the Motion, Plaintiff asks for six things: i) an order compelling Defendants to provide "complete, accurate, and non-evasive" responses to discovery requests; ii) the imposition of sanctions for alleged discovery violations; iii) an explanation as to why the Court initially provided for the parties to serve fifteen interrogatories on each other; iv) an order allowing Plaintiff to serve twenty-five interrogatories on each Defendant;[1] v) leave to serve forty interrogatories on each Defendant; and vi) judicial notice of a thirty-one day period when Plaintiff was allegedly unlawfully detained. For the reasons given below, the Court DENIES each of Plaintiff's requests.

---

[1]  Plaintiff has already served either thirty-five or forty interrogatories on each Defendant in violation of the Court's Scheduling and Discovery Order. (Doc. 150, p. 1; Doc. 162, p. 1-2).

**A.     Request to Compel Defendants, Request for Sanctions**

The Court denies these requests. Motions to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. PROC. 37(a)(1). This Court's Local Rules also require parties to make good faith efforts to timely meet and confer on any discovery dispute before filing a motion with the Court." SDIL-LR 26.1(c)(2). The Local Rules require that any motion filed pursuant to Rules 26 through 37 of the Federal Rules of Civil Procedure include either a copy of the discovery documents that are the subject of the motion or a "verbatim recitation of each interrogatory, request, answer, response, and/or objection that is the subject of the motion." SDIL-LR 26.1(c)(4). Plaintiff has not complied with these requirements. Accordingly, the Court denies Plaintiff's motion to compel and to impose sanctions on Defendants.

**B.     Clarification of the Limit on the Number of Interrogatories**

Plaintiff also requests an explanation as to why the Court limited interrogatories in this case to fifteen per party. (Doc. 163, p.7; Doc. 150, p. 1). As Plaintiff acknowledges, this limitation is typical in prisoner civil rights cases. (Doc. 163, p. 6). The Court found that this case did not, on its face, require more than fifteen interrogatories per party. At the same time, it recognized that more interrogatories might be necessary, which is why it allowed the parties to move to increase the limit for good cause shown. *Id.* Prior to the instant Motion, Plaintiff had not moved for leave to serve additional interrogatories or explained why there is good cause to increase the limit set out in the court's Scheduling

Order. (Doc. 150).

C. **Requests for Leave to Serve Additional Interrogatories**

Plaintiff has moved for leave to serve twenty-five interrogatories on each Defendant and to serve up to forty interrogatories on each Defendant. The Court denies these motions. As noted above, Plaintiff has not complied with Local Rule 26.1(c)(4), which, on its own, warrants denial of Plaintiff's requests. Furthermore, Plaintiff has not shown good cause for the Court to grant him leave to serve additional interrogatories. Plaintiff recites the complexity of his case, issues related to prison policies, and the number of Defendants in this case as justifications for serving more interrogatories. (Doc. 163, p. 8). However, these factors are common in many prisoner rights cases. Without more specific explanations as to why more interrogatories are necessary, without providing the Court with the additional interrogatories that Plaintiff seeks to serve, and without explanations as to why those additional interrogatories will serve to address the needs of the case, the Court finds that there is no good cause to grant Plaintiff leave to serve additional interrogatories. Accordingly, the Court DENIES Plaintiff's requests.

D. **Request for Judicial Notice**

Finally, Plaintiff asks the Court to take judicial notice of the fact that "Plaintiff was unlawfully detained for 31 days." (Doc. 163, p. 3). The Court cannot do so. "A court may take judicial notice of an adjudicative fact that is both 'not subject to reasonable dispute' and either (1) 'generally known within the territorial jurisdiction of the trial court' or (2) 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d

1074, 1081 (7th Cir. 1997) (quoting FED. R. EVID. 201(b) (1975)). Judicial notice is proper only when the matter is beyond reasonable controversy. *See, e.g., Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354 (7th Cir. 1995) (stating that "[i]n order for a fact to be judicially noticed, indisputability is a prerequisite."). Courts have traditionally taken judicial notice of facts of universal truths that cannot reasonably be controverted, such as geography or matters of political history. *See 520 South Michigan Ave. Associates, Ltd. v. Shannon*, 549 F.3d 1119, 1137 n.14 (7th Cir. 2008). In other words, courts take judicial notice of matters of common knowledge that cannot be disputed.

Plaintiff's alleged over-detention is not a matter of common knowledge, nor has he provided any evidence to demonstrate that it is indisputable. Plaintiff asserts that two documents demonstrate the existence of this fact. (Doc. 3). Plaintiff, however, acknowledges that the Defendants dispute this fact. (Doc. 163, p. 3) The proper manner to determine the facts of Plaintiff's detention is to develop and test the evidence through the adversarial process. Accordingly, the Court DENIES Plaintiff's request for judicial notice.

## CONCLUSION

For the reasons explained above, the Court DENIES Plaintiff's Motion.

**IT IS SO ORDERED.**

**DATED:  February 10, 2026.**

Digitally signed by Judge Sison
Date: 2026.02.10 15:53:27 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**